

2015 NOV 30 ... 10: 20

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 72142-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| NJUGUNA GISHURU, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 30, 2015 |
| | ) | |

LAU, J. — On discretionary review, Njuguna Gishuru appeals his misdemeanor conviction for second degree driving while license suspended under RCW 46.20.342(1)(b). He contends the superior court erred "in affirming the trial court's failure to apply a beyond a reasonable doubt standard of proof to its threshold determination that the administrative revocation order comported with statutory requirements." Br. of Appellant at 1. Because Gishuru inadequately preserved this issue by raising it for the first time in his Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) reply brief, we decline to address it. Review was improvidently granted.

In July 2012, the State charged Gishuru in King County District Court with second degree driving while license suspended (DWLS 2).

Before trial, Gishuru moved to dismiss the charge, arguing the Department of Licensing's (DOL) procedure for notifying him of the revocation violated statutory requirements and procedural due process. In addition to other arguments, he asserted that the State failed to meet its burden to show revocation notice was actually mailed. The State argued a preponderance burden applied. Gishuru argued a clear and convincing burden applied.

The court denied Gishru's motion, ruling that the State established by a preponderance of the evidence the DOL provided adequate notice to Gishuru:

> And [Taylor] articulated pretty specifically the, the process they went through and why they went through it. I think that I have to find—and I believe my—if I'm wrong about my burden of proof, uh, I'd be happy to be corrected. But I think it's <u>by a preponderance of the evidence</u>. I have to find that, given everything in this case, that that protocol was followed and the only inference I can draw is that the notice went out.

Clerk's Papers (CP) at 244 (emphasis added).

During pretrial motions in limine, the question of the State's burden to prove that a revocation order was in effect on the day in question was discussed by the court and the parties. A jury convicted Gishuru as charged.

Gishuru appealed to the superior court under RALJ. In his opening brief, Gishuru made several claims unrelated to this appeal. In his reply brief, Gishuru argued that "the State must prove beyond a reasonable doubt that it complied with the predicate requirement of due process in a driving while license suspended case." CP at 499.

The superior court affirmed the conviction. It concluded that the preponderance of the evidence standard satisfied Gishuru's due process rights.

-2-

Gishuru petitioned for discretionary review of the superior court's decision on RALJ under RAP 2.3(d)(2) and (3). He raised the following issue for review:

> Did the Superior Court err in applying at a pre-trial due process hearing, a preponderance of the evidence standard, rather than a beyond a reasonable doubt standard to the Department of Licensing's efforts to notify Mr. Gishuru that his driving privilege would be revoked?

Appellant's Motion for Discretionary Review at 5.

A commissioner of this court granted discretionary review under RAP 2.3(d)(3), reserving to the panel the question of adequate preservation. The State argues that Gishuru did not raise the burden of proof issue until his RALJ reply brief. Gishuru did not reply to this argument.[1]

Because Gishuru did not adequately preserve the burden of proof issue, we decline to review the issue. Review was improvidently granted.

WE CONCUR:

---

[1] Gishuru filed no reply brief.